**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50160 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-01269-AJB-1 |
| v. | |
| WILLIAM WALSH, IV, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted November 5, 2019
Pasadena, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and ROSENTHAL,[**] District Judge.

Invoking *Old Chief v. United States*, 519 U.S. 172 (1997), William Walsh, IV appeals his jury conviction and sentence for two counts of distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possessing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). He also appeals three conditions of supervised release that the parties agree were improperly imposed. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm the conviction, vacate the three supervised release conditions, and remand.

1. Walsh argues that the district court abused its discretion under Federal Rule of Evidence 403 by admitting a limited number of pornographic images and videos into evidence rather than accepting Walsh's proffer to stipulate as to their nature and to allow the government to describe their contents to the jury. Walsh contends that because the "emotive effect assuredly overwhelmed anything else in the evidentiary record" and unfairly prejudiced the jury against him, the "error was not harmless beyond a reasonable doubt."

Walsh's Rule 403 claim fails. *United States v. Ganoe*, 538 F.3d 1117 (9th Cir. 2008), rejected a claim that was similar in most relevant respects. *Ganoe* held that the district court acted within its discretion in rejecting a defense offer to stipulate and "allowing the jury to briefly view a carefully limited number of [child pornography] images that were the subjects of the charged offenses." *Id.* at 1119. The defendant in *Ganoe* suggested that the pornography could have been downloaded by mistake. *Id.* at 1123. Walsh similarly denied knowledge, claiming that someone else—perhaps his son or stepson—must have used his password-protected computer for several months to complete hundreds of child pornography

2

downloads, view the contraband, and share the files. Tyrone Ganoe's "offer to stipulate that anyone viewing the images would have known that they met the legal definition of child pornography did not render the evidence impermissible, because he refused to also stipulate that the titles of the computer files alone were enough to import knowledge of what they were." *Id.* at 1119. Moreover, as we stated in *Ganoe*, "term[s] in the world of child pornography" can arguably be "ambiguous as to either the depiction of sexual conduct . . . or the age of participants." *Id.* at 1119, 1123.

Like Tyrone Ganoe, Walsh did not offer to stipulate that no person, including himself, could download the files without realizing they were child pornography. *See id.* at 1123. And as in *Ganoe*, some of the file titles connected to Walsh's laptop were ambiguous as to their contents, leaving the government with the burden to show that someone who downloaded, viewed, and organized the files would have known what was on them. In similar circumstances, *Ganoe* held that "the images themselves, published to the jury as part of the government's detailed and comprehensive forensic evidence regarding the downloading, viewing, categorizing, and storing of the files"—which, in this case, included evidence that Walsh was the only one who used his computer, and that the computer was used to view the pornography files and buy the software used to share them—were "probative of the state of mind with which the files were received and possessed." *Id.* at 1123–24. In

3

light of these similarities to *Ganoe*, we disagree with Walsh that the images and videos had scant probative value and were unfairly prejudicial.

Walsh's additional offer—which Tyrone Ganoe did not make—to allow the government to read narrative descriptions of the selected images and videos does not change this conclusion. The district court compared the probative value of the videos and images with that of the proffered stipulation and balanced that value against the potential for unfair prejudice. The district court reasonably decided that the videos and images were more probative of Walsh's knowing use of his computer to download, access, and share the pornography than his proffered stipulation, including the narrative descriptions, and that the probative value outweighed the risk of unfair prejudice.

As in *Ganoe*, the district court took careful steps to reduce that risk. *See id.* at 1124. These steps included thoroughly examining the jury panel in jury selection and admitting only a very small number of the hundreds of thousands of child pornography files the government claimed were downloaded to Walsh's computer.

Walsh cites *United States v. Merino-Balderrama*, 146 F.3d 758, 762–63 (9th Cir. 1998), in which we held that the district court had erred by allowing the jury to view films found in the defendant's car despite his offer to stipulate "that the films were child pornography and had travelled in interstate commerce." But in *Merino-Balderrama*, the government offered no evidence that the defendant had ever seen

4

the videos; he saw only their box covers. *Id.* at 762–63. The video contents were thus "less probative of scienter than were their box covers," *id.* at 762, while the images in this case are at least as probative of scienter as Walsh's proposed stipulation plus the government's narratives. Further, in *Merino-Balderrama*, "the prosecution made no fewer than ten references to the films during closing argument." *Id.* at 763. By contrast, the government's closing statement in this case referred to the contents of the admitted images and video clips just once, without details. The differences between this case and *Merino-Balderrama* support the conclusion that the district court did not abuse its discretion under Rule 403.

2. We agree with the parties that Standard Conditions of Supervision 4, 5, and 13 that the district court imposed are unconstitutionally vague under *United States v. Evans*, 883 F.3d 1154, 1162–64 (9th Cir. 2018). We remand for the district court to modify these conditions consistent with *Evans*.

3. Walsh's request to reassign the case to a different district judge on remand to "preserve the appearance of justice" is denied. *See United States v. Walker River Irrigation Dist.*, 890 F.3d 1161, 1173 (9th Cir. 2018) (quoting *United States v. Rivera*, 682 F.3d 1223, 1237 (9th Cir. 2012)) (describing the standard for whether reassignment is appropriate). There is no basis for reassignment based on bias or its appearance.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**

5